1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT RICHARDS, et al., | Case No. EDCV 16-2069-DMG (KK) |
| Plaintiff(s), | |
| v. | **ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |
| PACIFIC GAS AND ELECTRIC COMPANY, et al., | |
| Defendant(s). | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the First Amended Complaint, the relevant records on file, and the Report and Recommendation of the United States Magistrate Judge issued on February 2, 2017. On March 1, 2017, Plaintiff Robert Richards filed Objections to the Report and Recommendation. On March 15, 2017, Defendant filed a Response to the Objections. The Court has engaged in de novo review of the Report and Recommendation. The Court accepts the findings and recommendation of the Magistrate Judge.

In addition, on February 23, 2017, Plaintiff Robert Richards filed a Notice "Formally Suggesting the Death of Plaintiff Olga Richards, Pursuant to Fed. R. Civ. P. 25(a)(1), and Intent to Discover Representative, Such As Gregory Judson Hout, an Attorney." [Doc. # 44.] The Notice (a) informs the Court Plaintiff Olga

Richards passed away on February 6, 2017; and (b) requests a stay of the action in order to seek an attorney to pursue a wrongful death claim. Id.

"The district court has broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 707, 117 S. Ct. 1636, 137 L. Ed. 2d 945 (1997) (citing Landis v. North American Co., 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936)). However, "[t]he proponent of the stay bears the burden of establishing its need." Id. at 706. The Court considers the following factors when ruling on a request to stay proceedings: (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice, measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. Filtrol Corp. V. Kelleher, 467 F.2d 242, 244 (9th Cir. 1972) (citing CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962)). Further, in considering a stay order, the court should "balance the length of any stay against the strength of the justification given for it." Young v. I.N.S., 208 F.3d 1116, 1119 (9th Cir. 2000); see also Wimberly v. Rogers, 557 F.2d 671, 673 (9th Cir. 1997) (holding the "district court's indefinite stay of all proceedings is tantamount to a denial of due process").

Here, Plaintiff Robert Richards offers no proposed end date for the requested stay and does not set forth any efforts he has made to locate or hire an attorney. Therefore, the first factor weighs against a stay because granting an indefinite stay "is tantamount to a denial of due process." Wimberly, 557 F.2d at 673. In considering the second factor, the Court recognizes there is potential prejudice to Plaintiff Olga Richards in that she did not have an opportunity to file objections to the Report and Recommendation. Nevertheless, the Court has reviewed the Report and Recommendation de novo and accepts the findings and recommendation of the Magistrate Judge, ordering dismissal with prejudice as a matter of law. Therefore, the second factor also weighs against a stay because

Plaintiff will not suffer any hardship or inequity in being required to go forward. Finally, the third factor weighs against a stay because the orderly course of justice favors prompt resolution where, as here, objections would be futile. Hence, the Court DENIES Plaintiff Robert Richard's request for a stay.

IT IS THEREFORE ORDERED that Judgment be entered dismissing this action with prejudice and without leave to amend.

DATED:  April 10, 2017

_____
DOLLY M. GEE
United States District Judge